IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA R. STALLWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0144-WS-B |
| | ) |
| GLENDA HASSAN, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the motion of the United States and Glenda Hassan to dismiss, (Doc. 4), and on the plaintiff's motion to remand. (Doc. 7). The parties have filed briefs in support of their respective positions, (Docs. 5, 7-9), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to remand is due to be denied and that the motion to dismiss cannot be ruled upon at this time.

### BACKGROUND

According to the complaint, the plaintiff was the manager of the Monroe Education Employees Federal Credit Union ("the Credit Union") in June 2006, when Hassan broadcast slanderous and libelous information about the plaintiff and conspired with others to do so. The complaint contains claims for slander, libel, and conspiracy to commit slander and libel. (Doc. 1, Exhibit 2).

The United States removed the action on March 14, 2008. (Doc. 1). Its notice of removal invoked only the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (*Id.*, ¶¶ 4, 7). Later the same day, the United States filed its motion to dismiss, accompanied by a certification of the United States Attorney that Hassan "was acting within the scope of her employment at the time of the incident out of which Plaintiff's claims arose." (Doc. 3).

The United States specified that it filed the certification pursuant to 28 U.S.C. § 2679(d)(1).  (Doc. 3; Doc. 5 at 3).

The motion to dismiss asserts lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.  (Doc. 4).  In particular, the United States argues that, pursuant to Section 2679(d)(1), it should be substituted as the party defendant and Hassan dismissed.  It continues that, following substitution, the claims against it should be dismissed because it possesses, and has not waived or otherwise lost, sovereign immunity from them.[1]

## DISCUSSION

**I. Motion to Remand.**

Under the Westfall Act, when a federal employee is sued on state tort claims and the Attorney General certifies that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or

---

[1] The United States previously removed the state action on much the same grounds, and a sister court denied the plaintiff's motion for remand as to Hassan; substituted the United States as defendant; dismissed Hassan; dismissed the claims against the United States; and remanded the plaintiff's claims against the other defendant (a private individual). (Doc. 5, Exhibit A).  The plaintiff later filed a complaint in the same state action again naming Hassan.  It is this complaint that triggered the United States' removal.

In its initial brief, the United States argued that the plaintiff is barred from challenging the propriety of removal, substitution and dismissal by the doctrine of res judicata.  (Doc. 5 at 4-5, 6-7).  In its second reply brief, the United States expressly abandoned its res judicata argument.  (Doc. 9 at 1 n.1).  With respect to substitution and dismissal, the United States suggested the same result could be reached by treating the previous federal order as the law of the case.  (*Id.* at 2).  Arguments raised for the first time in a reply brief come too late for consideration.  *E.g., Mariano v. Potter*, 2006 WL 907772 at *3 & n.6 (S.D. Ala. 2006).  At any rate, the argument is stated as a bald conclusion, unaccompanied by analysis and supported only by unadorned citation to a single case, without so much as a pinpoint cite.  The Court declines to construct the United States' argument on its behalf.

proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General," and the certification "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2).[2] The United States argues that this language requires denial of the plaintiff's motion to remand. (Doc. 8 at 1; Doc. 9 at 1-2).

The trouble is that the United States did not remove under Section 2679(d)(2), "which shields from remand an action removed pursuant to the Attorney General's certification." *Osborn v. Haley*, 127 S. Ct. 881, 889 (2007). Instead, the United States based its removal on Section 1442(a)(1). Likewise, the United States did not file the certification pursuant to Section 2679(d)(2) but expressly confirmed that it was filed pursuant to Section 2679(d)(1),[3] which does not address removal but cases already in federal court on other grounds (such as Section 1442(a)(1). Because the United States plainly limited the basis for removal to Section 1442(a)(1), the Court assesses the propriety of removal in light of that statute's requirements.

Section 1442(a)(1) provides in pertinent part as follows:

> A civil action ... commenced in a State court against ... any officer (or any person acting under that officer) of the United States or of any agency thereof, sued ... for any act under color of such office ... may be removed by them [to federal court].

Removal by the United States under Section 1442(a)(1) may have been improper, because the United States was not a defendant. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants ... shall file ... a notice of removal ...."). Moreover, Hassan has filed nothing demonstrating that she joins in or consents to the removal by the United States, and such

---

[2]While the statute speaks of the Attorney General's certification, the United States Attorney is authorized to make the certification, 28 C.F.R. § 15.4(b), as occurred in this case. The certification's reference to Section 15.3 as the source of this authority, (Doc. 3), is immaterial.

[3](Doc. 3; Doc. 5 at 3).

a failure renders removal defective. *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."). These, however, are procedural objections, *e.g., In re: Ocean Marine Mutual Protection & Indemnity Association*, 3 F.3d 353, 356 (11th Cir. 1993), and the plaintiff waived them by failing to raise them in her motion to remand. 28 U.S.C. § 1447(c); *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).[4]

"Proper removal of an action under section 1442(a)(1) has historically required the satisfaction of two separate requirements. First, the defendant must advance a colorable defense arising out of [her] duty to enforce federal law. ... Second, the defendant must establish that there is a causal connection between what the officer has done under asserted official authority and the action against [her]." *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996). It appears that these requirements must be met in order for the Court to have subject matter jurisdiction.[5] Certainly the failure to satisfy the first requirement would imperil subject matter jurisdiction.[6] Thus, because it has an independent and continuing obligation to confirm subject matter jurisdiction even

---

[4]As discussed *infra* in text, the only ground of the motion to remand is the assertion that Hassan acted outside her scope of employment. (Doc. 7 at 4).

[5]*See City of Jacksonville v. Department of the Navy*, 348 F.3d 1307, 1313 (11th Cir. 2003) (because the Navy properly removed under Section 1442(a), "we therefore have subject matter jurisdiction to hear the merits of this case"); *Murray v. Murray*, 621 F.2d 103, 105 (5th Cir. 1980) (because a summons in garnishment was not a civil action against a federal official for an act under color of office as required by Section 1442(a), the trial court lacked subject matter jurisdiction of the removed action).

[6]*Mesa v. California*, 489 U.S. 121, 136-37 (1989) ("[I]t is the raising of a federal question [as a defense] in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes," and eliminating the federal-defense requirement would "present grave constitutional questions").

when the parties do not question its existence,[7] the Court proceeds to assess whether these requirements for removal under Section 1442(a) have been satisfied.[8]

"[T]he Westfall Act accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn*, 127 S. Ct. at 887.  This immunity, imparted by federal statute, represents a colorable federal defense,[9] and the United States has invoked it on Hassan's behalf.  (Doc. 5 at 4).  Because the defense need be merely colorable, it is irrelevant that the plaintiff disputes its applicability.  *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Magnin*, 91 F.3d at 1429.

The necessary causal connection is satisfied by a showing that Hassan's relationship to the plaintiff "derived solely from [her] official duties."  *Willingham*, 395 U.S. at 409; *accord Magnin*, 91 F.3d at 1427-28.  The declaration of Hassan's superior reflects that she is and was at all relevant times employed as a credit union examiner by the National Credit Union Administration and that her responsibilities include the examination and supervision of the Credit Union.  (Doc. 5, Hornbrook Declaration).  Hassan's own declaration affirms that her only dealings with or about the plaintiff were in connection with her examination and supervision of the Credit Union.  (Doc. 2, Exhibit 8 at 47).

The plaintiff, while insisting in the complaint and her brief that Hassan acted

---

[7]*University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

[8]Contrary to the United States' suggestion, (Doc. 9 at 1), the Court's responsibility to confirm its subject matter jurisdiction is unaffected by its sister court's denial of remand on a previous iteration of the complaint.

[9]*Osborn*, 127 S. Ct. at 896 (whether a defendant has Westfall Act immunity presents a "significant federal question"); *accord Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994); *see also Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("In fact, one of the most important reasons for removal [under Section 1442(a)] is to have the validity of the defense of official immunity tried in a federal court.").

outside the scope of her employment, (Doc. 1, Exhibit 2, ¶ 1; Doc. 7 at 4), offers no evidence in support of the contention. In this posture, the case is indistinguishable from *Willingham*, in which the defendants submitted affidavits reflecting that their relationship with the plaintiff derived solely from their official duties, the plaintiff offered no contrary evidence, and the Court ruled the defendants "should have the opportunity to present their version of the facts to a federal, not a state, court." 395 U.S. at 407-08, 409.[10]

Because the Court has subject matter jurisdiction, and because the plaintiff waived any and all procedural defects, the motion to remand is **denied**.

## II. Motion to Dismiss.

The motion to dismiss has three, sequential aspects: (1) substitute the United States as defendant in place of Hassan; (2) dismiss Hassan in consequence of the substitution; and (3) dismiss the United States on the grounds of sovereign immunity. As discussed below, the United States' motion founders on the first step.

As noted, the Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn*, 127 S. Ct. at 887. "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id*. at 887-88 (quoting 28 U.S.C. § 2679(d)). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id*. at 888.

---

[10]This result is consistent with the general rule in removal cases that the defendant must prove all facts necessary to support removal by a preponderance of the evidence. *E.g., Hobbs v. Blue Cross Blue Shield*, 276 F.3d 1236, 1242 (11th Cir. 2001) ("As the party seeking removal, Blue Cross had the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence."). The preponderance of the evidence — indeed, all the evidence — supports removal.

As noted, the United States has submitted such a certification, (Doc. 3),[11] and it suggests that the Court should order substitution because the certification is "conclusive for removal purposes." (Doc. 5 at 3). This is correct, 28 U.S.C. § 2679(d)(2), but the issue before the Court is not removal — as noted, the United States removed exclusively under Section 1442(a)(1) — but substitution. With respect to the latter issue, the certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). Rather, "the scope-of-employment certification is reviewable in court," *id*. at 420, and the certification "is the first, but not the final word." *Osborn*, 127 S. Ct. at 897 (internal quotes omitted).

The question, then, becomes how that first word becomes final and whether it should be accorded finality in this case. "A plaintiff may request judicial review of the Attorney General's scope-of-employment determination," *Osborn*, 127 S. Ct. at 897, and it would appear that the plaintiff has done so by opposing substitution on the grounds that "all acts complained of in [the] Complaint occurred outside the scope of Defendant's [sic] Hassan's employment." (Doc. 7 at 4). *Cf. Osborn*, 127 S. Ct. at 890, 897 (without identifying which elements were critical, concluding that the plaintiff effectively sought judicial review when he opposed the substitution and motion to dismiss, argued that the defendant's conduct was outside the scope of his employment, and submitted as evidence a memorandum of understanding).

The United States suggests that the Court should treat the substitution issue as equivalent to a motion to dismiss for lack of subject matter jurisdiction and, employing rules applicable to the determination of such matters, deem fatal the plaintiff's failure to submit evidence contradicting the certification. (Doc. 9 at 3-4). The United States cites no authority for such an approach. On the contrary, the Eleventh Circuit has reached the

---

[11]The certification closely parallels that in *Osborn*, 127 S. Ct. at 889 n.2, and is likewise "formally in order." *Id*. at 897.

merits of a challenge to substitution apparently based only on a motion to strike the certification and a request to deny substitution. *Flohr v. Mackovjak*, 84 F.3d 386, 389, 390-92 (11th Cir. 1996); *see also Hendrix v. Snow*, 170 Fed. Appx. 68, 82 (11th Cir. 2006) ("[B]oth the Supreme Court and this Court have determined that, upon objection by the plaintiff, the Attorney General's scope-of-employment certification is reviewable by the district court."). On this record and argument, the Court cannot conclude that the plaintiff has forfeited the opportunity to oppose substitution by not submitting evidentiary materials along with her objection, especially when she has represented that other defendants in the case "are willing to testify" in support of her assertion that Hassan acted outside the scope of her employment. (Doc. 7 at 4).

In making the final determination whether Hassan acted within the scope of her employment, the United States argues that the certification, if not conclusive, is at least prima facie evidence of that proposition. (Doc. 9 at 3). As the Court reads the cases, this is so "[u]nless the plaintiff challenges the scope determination," at which point "the district court determines scope de novo." *S. J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990); *accord Flohr*, 84 F.3d at 390.[12] The Court does agree with the United States that, in making the final determination, the burden of proving that Hassan acted outside the scope of her employment falls to the plaintiff. *Id*.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **denied.** The

---

[12]There are obvious grounds for not affording a challenged certification special weight. First, it is "[c]ustomary" for such certifications to "stat[e] no reasons for the U.S. Attorney's scope-of-employment determination." *Lamagno*, 515 U.S. at 421. The certification here, which tracks the *Lamagno* certification nicely, *id*. at 421 n.2, fits this description. Moreover, the certification need not be the result of "a fair proceeding, indeed, any proceeding." *Id*. at 429. Thus, for example, the plaintiff will usually be given no opportunity to speak to the issue before the certification issues, *id*., and the scope and thoroughness of the certifying officer's investigation is unregulated.

United States' motion to dismiss is **carried with the case** until the issue of substitution is resolved.

The parties and the United States are **ordered** to confer, on or before **May 7, 2008**, for the purpose of agreeing to a procedure for making a final determination on substitution and a timetable for doing so.  The parties and the United States are further **ordered** to file a joint statement concerning their agreement on or before **May 9, 2008**.  Should the parties and the United States be unable to agree despite good faith discussion, they are **ordered** to file and serve their separate proposals on or before **May 14, 2008**, accompanied by legal briefing demonstrating the propriety and appropriateness of the proposed procedure.

DONE and ORDERED this 23rd day of April, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
