IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA R. STALLWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0144-WS-B |
| ) | |
| GLENDA HASSAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the motion of the United States for leave to amend the notice of removal. (Doc. 12). As noted in a previous order, the United States removed this action exclusively under 28 U.S.C. § 1442(a)(1). (Doc. 10 at 1, 3). The purpose of the amended notice of removal is to invoke 28 U.S.C. § 2679(d)(2) in support of removal. (Doc. 12 at 1). The plaintiff objects, and moves to strike, on the unamplified grounds that "[t]he basis of the Amendment is untimely, prejudicial and unfair to the Plaintiff." (Doc. 13).

The United States removed this action on March 14, 2008. (Doc. 1). The plaintiff moved to remand, (Doc. 7), and the Court denied the motion on April 23, 2008, concluding that subject matter jurisdiction existed under Section 1442(a)(1) and that the plaintiff had waived any procedural objections to the manner of removal. (Doc. 10 at 2-6). The United States now takes the unusual step of seeking to expand the statutory bases for a removal that has already survived a motion to remand.[1]

---

[1]The United States' reasons for taking this step are unstated, but at least one of them is not difficult to discern. A removal accomplished under Section 2679(d)(2) cannot be undone by remand, even if the Court denies the government's motion to be substituted as defendant for named defendant Hassan under the Westfall Act. *Osborn v. Haley*, 127 S. Ct. 881, 894-96 (2007). A removal accomplished under Section 1442(a)(1), in contrast, might end in remand should the Court deny substitution, because the federal

The United States offers two legal bases for its motion.  Primarily, it relies on Federal Rule of Civil Procedure 15(a), which governs amendments to the pleadings.  The unspoken premise of the government's argument is that a notice of removal is a "pleading" within the contemplation of Rule 15(a).  Rule 7(a), however, supplies an exclusive list of what constitutes a pleading within the rules, and only complaints, answers and replies are included in that listing.

The United States also suggests that its motion is supported by Section 2679(d)(2) because it allows removal under that section "at any time before trial."  This language would have allowed the United States to remove on the basis of Section 2679(d)(2) beyond the thirty-day period of Section 1446(b), but the United States has not explained how it allows the government, more than thirty days after removal on another ground, to add Section 2679(d)(2) as a second ground of removal.  There is authority that a notice cannot be amended in this manner more than thirty days after removal,[2] and the United States has cited no authority to the contrary.[3]  On the present record and argument, the Court cannot conclude that such amendment is permissible.

---

question that supplies subject matter jurisdiction — whether Hassan is entitled to immunity under the Westfall Act — would at that point have been decided, presumably leaving the Court free under 28 U.S.C. § 1367(c) to retain or decline supplemental jurisdiction of the plaintiff's exclusively state-law claims.

[2] *E.g., ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000);  *Watson v. Nuvell Financial Services*, LLC, 2008 WL 110923 at *1-2 (M.D. Ala. 2008); *Florida ex rel. Department of Financial Services v. Universal Health Care Insurance Co.*, 2007 WL 4370297 at *1 (N.D. Fla. 2007); *Washington Mutual Bank v. Schoenlaub*, 2007 WL 2572105 at *4 (M.D. Fla. 2007); *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1328 (S.D. Ala. 2001); *American Educators Financial Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (3rd ed. 1998) ("Completely new grounds for removal jurisdiction may not be added" more than thirty days after removal).

[3] The only cases cited by the United States allowed amendment to clarify or bolster a jurisdictional ground initially asserted, not to raise new jurisdictional grounds.

For the reasons set forth above, the United States' motion for leave to amend is **denied**, and the plaintiff's motion to strike is **denied as moot**.

DONE and ORDERED this 9th day of May, 2008.

            s/ WILLIAM H. STEELE
            UNITED STATES DISTRICT JUDGE