IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA R. STALLWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0144-WS-B |
| | ) | |
| GLENDA HASSAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the motion to dismiss filed by the United States and defendant Glenda Hassan. (Doc. 4). The motion asserts lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. In particular, the United States argues that, pursuant to 28 U.S.C. § 2679(d)(1), it should be substituted as the party defendant and Hassan dismissed. It continues that, following substitution, the claims against it should be dismissed because it possesses, and has not waived or otherwise lost, sovereign immunity from them.

As noted in the Court's previous order, (Doc. 10 at 6), the Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 127 S. Ct. 881, 887 (2007). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id*. at 887-88 (quoting 28 U.S.C. § 2679(d)). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id*. at 888.

The United States has submitted such a certification. (Doc. 3). However, as set forth in the Court's previous order, "[a] plaintiff may request judicial review of the

Attorney General's scope-of-employment determination," *Osborn*, 127 S. Ct. at 897, and the plaintiff has done so. (Doc. 10 at 7). It was for this reason that the Court ordered the parties "to confer ... for the purpose of agreeing to a procedure for making a final determination on substitution and a timetable for doing so," and to report on their agreement, if any. (*Id*. at 9). The parties jointly "stipulate[d] and agree[d] to the following proposed procedure for making a final determination on the issue of substitution": (1) the plaintiff to "file a memorandum of law on the issue"; (2) the United States to "file a reply memorandum [and] supporting affidavit or affidavits with that memorandum"; and (3) "[t]he matter will then be on submission to the Court." (Doc. 15). The Court thereupon entered an order adopting this jointly agreed procedure, permitting either side to submit "any brief or other materials concerning the issue of substitution." (Doc. 17).

The plaintiff filed a short legal memorandum but no evidence. (Doc. 18). The United States filed a legal memorandum of its own, plus the affidavits of Hassan, her supervisor, and a high-level agency official. (Doc. 19). Each of these affidavits confirms, in concrete, non-conclusory fashion, that the conduct of Hassan for which she is sued occurred while she was acting within the scope of her employment. Pursuant to the parties' agreement and the Court's conforming order, the issue of substitution was taken under submission upon the filing of the United States' materials.[1]

As noted, the plaintiff filed no evidentiary materials, despite the Court's order permitting her to do so and despite its previous order expressly noting that, "in making the final determination, the burden of proving that Hassan acted outside the scope of her employment falls to the plaintiff." (Doc. 10 at 8 (citing *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996)). Without evidence, the plaintiff cannot counter even the Attorney

---

[1] The plaintiff's motion to strike the United States' submission as untimely, (Doc. 20), is **denied,** as the submission was filed on the date established by the Court's order, which was in turn the date agreed to by the parties. The United States' motion to strike the plaintiff's motion to strike, (Doc. 21 at 2), is **denied**.

General's certification, much less the three affidavits demonstrating the certification's accuracy. Ignoring this fatal deficiency, the plaintiff suggests it is only "logical" to postpone resolution of the motion to dismiss until trial. At that point, she says, she will come forth with witnesses to testify that Hassan acted outside the scope of her employment. (Doc. 18 at 2).

As a threshold matter, the plaintiff has already "stipulate[d]" that, upon the filing of the United States' reply materials, "[t]he matter will then be on submission to the Court," (Doc. 15), and the Court incorporated that stipulation in its scheduling order, expressly taking the issue of substitution "under submission" at that point. (Doc. 17). The plaintiff has offered no reason why she should be relieved of her own agreement. *See Stubbs v. Wyndham Nassau Resort*, 447 F.3d 1357, 1365 (11th Cir. 2006) ("A stipulation between parties, particularly in the litigation context when approved by the court, is a binding contract enforceable on the basis of contract principles.").

Moreover, "[t]he Westfall Act's core purpose ... is to relieve covered employees from the cost and effort of defending the lawsuit, and to place those burdens on the Government's shoulders. ... That decision [on substitution] cannot be left for jury resolution late in proceedings without undermining the Westfall Act's very purpose ...." *Osborn*, 127 S. Ct. at 900-01 & n.18. The Westfall Act "grants federal employees a species of immunity, and ... immunity-related questions should be resolved at the earliest opportunity" and "'long before trial.'" *Id*. at 901 & n.18 (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)).

The plaintiff cites *Sowell v. American Cyanimid Co.*, 888 F.2d 802 (11th Cir. 1989), as standing for the proposition that the determination of substitution should be made at trial. There is no indication in *Sowell* that any party requested a pretrial determination, which is unsurprising given that the Westfall Act was enacted only a year before the appellate opinion was released and so presumably after trial. At any rate, neither *Sowell* nor any case condoning delay in resolving the substitution issue carries

much water after *Osborn*.

The style of the plaintiff's memorandum includes the words, "HEARING REQUESTED." Because the plaintiff seeks to delay the presentation of evidence concerning substitution until trial, it is clear that she does not seek a hearing for the purpose of presenting such evidence. But even if she did, she would be bound by her stipulation to place the issue under submission based on written filings.

For the reasons set forth above, the Court finds that Hassan was acting within the scope of her office or employment at the time of the incident out of which the claim arose. Pursuant to Section 2679(d)(1), "the United States shall be substituted as the party defendant."

Upon certification and substitution, the action "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title, and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4). Section 1346(b) provides federal jurisdiction over civil claims against the United States for damage "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," if a private person under the circumstances would be liable under applicable state law. However, "[t]he provisions of ... section 1346(b) of this title shall not apply to ... [a]ny claim arising out of ... libel [or] slander ...." 28 U.S.C. § 2680(h). The only claims asserted in the complaint are for libel, slander, and conspiracy to commit libel and slander. (Doc. 1, Exhibit 2).

The Federal Tort Claims Act waives the United States' sovereign immunity for certain types of claims, but Section 2680(h) operates as an exception to that waiver, leaving intact the United States' sovereign immunity. *E.g., Metz v. United States*, 788 F.2d 1528, 1532-33 (11th Cir. 1986). In addition to the causes of action expressly listed in Section 2680(h), its exception to the waiver of sovereign immunity extends to unlisted claims as to which "the underlying governmental conduct which constitutes an excepted

cause of action is essential to plaintiff's claim." *Id*. at 1534 (internal quotes omitted). Under Alabama law, there is no claim for conspiracy absent an underlying wrong.[2] Therefore, the plaintiff's claim of conspiracy to commit libel and slander depends on the underlying governmental conduct of libel and slander and is equally barred. *E.g., Vander Zee v. Reno*, 1996 WL 625346 at *5 (5th Cir. 1996); *Matthews v. United States*, 1994 WL 328285 at *2 (7th Cir. 1994); *Owyhee Grazing Association v. Field*, 637 F.2d 694, 697 (9th Cir. 1981).

Because the United States has sovereign immunity, and because it has not waived its immunity in this case, the Court lacks subject matter jurisdiction. *E.g., Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1207 (11th Cir. 2000).

For the reasons set forth above, the motion to dismiss is **granted**. The United States is substituted as the party defendant, and the action as it relates to Hassan is **dismissed** pursuant to the Westfall Act. The action as it relates to the United States is **dismissed** for lack of subject matter jurisdiction. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 25th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] "[A] conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy but the underlying wrong that was allegedly committed. [citations omitted] If the underlying cause of action is not viable, the conspiracy claim must also fail." *Allied Supply Co. v. Brown*, 585 So. 2d 33, 36 (Ala. 1991).